IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
CELESTE M. GONSALVES,            )  CIVIL NO. 24-00382 HG-RT
                                 )
            Plaintiff,           )
                                 )
       vs.                       )
                                 )
HAWAII STATE JUDICIARY and       )
HAWAII STATE DEPARTMENT OF       )
PUBLIC SAFETY,                   )
                                 )
            Defendants.          )
                                 )
```

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, AS MODIFIED, TO GRANT APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 10)**

**AND**

**OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 13)**

**AND**

**DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1) WITHOUT LEAVE TO AMEND**

Plaintiff Celeste M. Gonsalves filed a Complaint seeking to sue the Hawaii State Judiciary and the Hawaii State Department of Public Safety in federal court. Plaintiff's Complaint stems from Plaintiff's interactions with State employees when filing documents in-person at the Hawaii State District Court located at 1111 Alakea Street, Honolulu, Hawaii, in April 2023.

Plaintiff seeks to assert state law tort claims against the Hawaii State Judiciary and the Hawaii State Department of Public

1

Safety.  She also seeks to bring a claim against the Hawaii State Judiciary and the Hawaii State Department of Public Safety pursuant to the Health Insurance Portability and Accountability Act and a claim of disability discrimination pursuant to Title II of the Americans with Disabilities Act.

Plaintiff's Complaint was accompanied by an Application to Proceed in District Court Without Prepaying Fees or Costs.  (ECF No. 3).

The Magistrate Judge issued a Findings and Recommendation to Grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and Dismiss the Complaint.  (ECF No. 10).  The <u>DISCUSSION</u> on pages 2 and 3 clearly states the Magistrate Judge's reasons for finding that Plaintiff is granted in forma pauperis status.

The Court **ADOPTS** the MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS.

The Court **AGREES** with the Magistrate Judge's Conclusion with respect to the screening of the Complaint and his Recommendation to Dismiss The Complaint Without Leave To Amend.

The Magistrate Judge's Findings and Recommendation's (ECF No. 10) Conclusions are **ADOPTED AS MODIFIED HEREIN.**

Plaintiff filed an Objection to the Magistrate Judge's Findings and Recommendation.  (ECF No. 13).

Plaintiff Gonsalves's Objection (ECF No. 13) is **OVERRULED**.

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**.

## PROCEDURAL HISTORY

On September 9, 2024, Plaintiff filed the Complaint. (ECF No. 1).

On the same date, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 3).

On October 28, 2024, Plaintiff filed a Supplement to her Application to Proceed Without Prepaying Fees or Costs. (ECF No. 7).

On December 20, 2024, the Magistrate Judge issued the FINDINGS AND RECOMMENDATION TO GRANT APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISS THE COMPLAINT. (ECF No. 10).

On January 6, 2025, Plaintiff filed an Objection to the Magistrate Judge's Findings and Recommendation. (ECF No. 13).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Findings and Recommendation, the District Court must review de novo the

portions to which the Objections are made to the Findings and Recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Under the de novo standard, there is no deference to the Magistrate Judge's ruling and the District Court may freely consider the matter anew as if no decision had been rendered below.  Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

The District Court may accept, reject, or modify, in whole or in part, the Findings and Recommendation made by the Magistrate Judge, or recommit the matter to the Magistrate Judge with further instructions.  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

The Court adopts the reasoning of the Magistrate Judge's Findings and Recommendation (ECF No. 10).

Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Findings and Recommendation de novo and finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## COUNT I: TITLE II DISABILITY CLAIM

**Plaintiff Has Failed To State A Claim Pursuant To Title II Of The Americans With Disabilities Act**

Plaintiff alleges Count I as follows:

Plaintiff asserts that she has an unspecified disability.  The Complaint describes Plaintiff as a "permanently disabled person with diagnoses and documented physical and psychological medical challenges and limitations."  She claims that on various occasions she requested "immediate access to upper floors of the Honolulu District Court Building" through "reversal of the escalator direction with assistance from [Hawaii Department of Public Safety staff]."  Plaintiff alleges that she was denied immediate access through reversal of the escalator on April 17, 2023, before the building was open to the public.  Plaintiff claims this also occurred on April 20 and 24, 2023.  Plaintiff admits that on each occasion she was later allowed access to the third floor of the Honolulu District Court and was able to timely file her legal documents.

Plaintiff has brought suit under Title II of the Americans With Disabilities Act ("ADA"), which prevents disability discrimination in public services, programs, and activities. Bylsma v. Hawaii Public Housing Authority, 951 F.Supp.2d 1116, 1121-22 (D. Haw. June 13, 2013).

In order to state a claim pursuant to Title II of the ADA, a plaintiff must establish:

(1) she is an individual with a disability;

(2) she was excluded from participation in the public entity's services, programs, or activities; and

(3) such exclusion or discrimination was by reason of her disability.

Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

5

### A.   **Plaintiff's Allegations**

Plaintiff is proceeding pro se and the Court liberally construes her filings. Eldrige v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). Construed liberally, the Complaint alleges that Plaintiff was discriminated against because she had difficulty filing documents at the Hawaii State District Court located at 1111 Alakea Street, in Honolulu, Hawaii. Plaintiff claims staff were rude to her when she asked for assistance to file documents on the third floor of the District Court building on April 17, 20, and 24, 2023. (Complaint at ¶¶ 16, 25, ECF No. 1). Plaintiff claims and that she requested the escalators be reversed to go in an upward direction and that it took time for staff to grant her access to escalators. Plaintiff admits that she was ultimately able to timely file the documents. (Id. at ¶¶ 16, 28, 44).

According to the Complaint, Plaintiff was assisted by State employees on each of the three occasions. (Id.) Plaintiff was accommodated. The Complaint asserts that Plaintiff was informed that in the future she should file her documents on the first floor rather than on the third floor, as an accommodation. (Id. at ¶¶ 28, 39).

### B.   **Plaintiff Has Failed To State A Title II ADA Claim**

Plaintiff has not established that she was excluded from

6

participation in the State's services or was prevented from reasonably accessing the Hawaii State District Court.  Plaintiff admits that in each instance, she was given the access that she requested to the third floor.  Plaintiff was able to file the documents she sought to file with the Hawaii State Court.

Plaintiff is not entitled to unfettered access to any location in a public building in the manner that she requests. The Complaint asserts that, despite some delay, Plaintiff was provided with access to the third floor of the District Court with the assistance of staff.  The Complaint also alleges that Plaintiff was informed that she will be afforded a reasonable accommodation to file documents on the first floor going forward. Selene v. Legislature of Idaho, 514 F.Supp.3d 1243, 1256-58 (D. Idaho 2021) (explaining that plaintiff cannot prevail under Title II of the ADA where a reasonable accommodation was provided to the plaintiff).  Plaintiff is not entitled to the accommodation she prefers, only a reasonable accommodation.  Id.

The Complaint fails to state a claim against the Hawaii State Judiciary and the Hawaii State Department of Public Safety pursuant to Title II of the Americans with Disabilities Act.

## COUNT II: VIOLATION OF HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT (HIPAA)

**Health Insurance Portability and Accountability Act (HIPAA) Claims**

Plaintiff alleges Count II as follows: Plaintiff's personal

health diagnosis and mental health conditions were disclosed
to other Hawaii State Judiciary employees without her
permission or knowledge.

Plaintiff also attempts to sue the Hawaii State Judiciary and the Hawaii State Department of Public Safety pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").  It is well-settled that there is no private right of action to bring a claim pursuant to HIPAA.  Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010).

Such a claim would also be barred pursuant to the Eleventh Amendment to the United States Constitution.

**COUNTS III AND IV**

**COUNT III:   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff alleges Count III as follows:

Defendants adamantly and constantly denied Plaintiff's legal
rights to access the escalators as a disabled person to
conduct her legal business on upper floors of the Honolulu
District Court Building.

**COUNT IV:   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff alleges Count IV as follows:

Defendants adamantly and constantly denied Plaintiff's
rights to access the escalators as a disabled person seeking
assistance to conduct legal business on upper floors of the
Honolulu District Court Building.

**Private Individuals Cannot Sue Non-consenting State Or State Entities In Federal Court For State Tort Claims Of Emotional Distress**

Pursuant to the Eleventh Amendment to the United States

Constitution, non-consenting States may not be sued by private individuals in federal court. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); U.S. Const., amend. XI.

Agencies or departments of a State are entitled to the same immunity from private suits pursuant to the Eleventh Amendment. Sato v. Orange Cnty. Dep't of Educ., 861 F.3d 923, 928 (9th Cir. 2017).

Plaintiff's state law tort claims against the Hawaii State Judiciary and the Hawaii State Department of Public Safety are barred pursuant to the Eleventh Amendment to the United States Constitution. Shaw v. State of Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986).

**Plaintiff's Objection**

Plaintiff filed an Objection requesting leave to amend her Complaint and to add a claim pursuant to 42 U.S.C. § 1983. Leave to amend to assert a 1983 claim against the State of Hawaii would be futile because the Eleventh Amendment to the United States Constitution bars a private individual from asserting Section 1983 claims against a State in federal court. Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989).

Dismissal with prejudice is appropriate in this case because it is clear that no amendment can cure the defects in Plaintiff's federal Complaint. Lathus v. City of Huntington Beach, 56 F.4th

1238, 1243 (9th Cir. 2023).

## CONCLUSION

The Court **ADOPTS** the MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS.

The Court **AGREES** with the Magistrate Judge's Conclusion with respect to the screening of the Complaint and his Recommendation to Dismiss The Complaint Without Leave To Amend.

The Magistrate Judge's Findings and Recommendation's (ECF No. 10) Conclusions are **ADOPTED AS MODIFIED HEREIN.**

Plaintiff Gonsalves's Objection (ECF No. 13) is **OVERRULED.**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT LEAVE TO AMEND.**

IT IS SO ORDERED.

DATED: February 5, 2025, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Celeste M. Gonsalves v. Hawaii State Judiciary and Hawaii State Department of Public Safety, Civ. No. 24-00382 HG-RT; **ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, AS MODIFIED, TO GRANT APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 10); OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 13); AND DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1) WITHOUT LEAVE TO AMEND**